

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00079-CV
_____

ABOVE HELL TRUCKING, LLC, Appellant

V.

GARRETT LAGRONE SERVICES, LLC D/B/A
GARRETT'S WRECKER SERVICE, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2022-195

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

At the request of the Carthage Police Department, Garrett LaGrone Services, LLC, d/b/a Garrett's Wrecker Service (GLS) rolled a tractor owned by Mark Risper and a trailer owned by Above Hell Trucking, LLC (AHT), upright at an accident scene in Carthage and towed them to its storage facility. Several months later, GLS filed suit against AHT and Risper for its charges and fees related to the tow and storage of the tractor. In its live pleading, GLS asserted that it was entitled to recover the charges and fees under both quantum meruit and Section 545.3051 of the Texas Transportation Code.[1] After a bench trial, the trial court awarded GLS damages against AHT[2] in the amount of $59,043.42.

On appeal, AHT asserts that there was legally insufficient evidence to support the quantum meruit cause of action[3] and that Section 545.3051 of the Texas Transportation Code does not support a direct cause of action by GLS against AHT.[4] We will affirm the trial court's judgment.

---

[1] TEX. TRANSP. CODE ANN. § 545.3051 (Supp.).

[2] GLS nonsuited Risper after trial.

[3] AHT also asserted that the trial court erred in granting a partial summary judgment as to AHT's liability based on quantum meruit. However, the partial summary judgment was not incorporated into the trial court's final judgment, and the trial court and parties agreed before trial that the final hearing was "on all issues, all claims."

[4] AHT also challenged the legal sufficiency of the evidence supporting GLS's negligence and negligence per se causes of action. However, although those causes were asserted in GLS's original petition, its live pleading does not assert causes of action for negligence and negligence per se. "[C]auses of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed . . . ." *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008). As a result, the trial court's judgment could not be based on either of those theories of recovery.

## I.    Background

On November 15, 2021, AHT was the motor carrier for hire operating a 2010 International Prostar tractor, which was pulling a trailer owned by AHT, and Risper was the owner and driver of the tractor.  Risper was involved in a one-vehicle accident when he attempted to turn left off of Highway 315 onto the entrance ramp of Loop 149 in Carthage and rolled the tractor and trailer onto their sides.  The Carthage Police Department (CPD) contacted GLS to remove the tractor and trailer from the highway right-of-way.  After GLS rolled the tractor and trailer upright and cleaned up the scene, it towed them to its storage facility.  Garrett LaGrone, the owner of GLS, testified that, when the tractor was rolled upright, it said, "Above Hell on the side of it."

The next day, the owner of AHT, Ralph Nelson, came to GLS's storage facility and retrieved the trailer to deliver the cargo.  Nelson asked GLS to split its charges between the tractor and trailer so he could get the trailer released.  GLS did so, Nelson paid the charges for the trailer, and GLS released the trailer to Nelson.

Although statutory notices were sent to the registered owners and lienholder of the tractor, the tow and storage charges and fees related to the tractor remained unpaid, and the tractor remained at GLS's yard at the time of trial.  Samantha Hagler with GLS contacted Nelson several times in December 2021 to let him know that the tractor was still at GLS and that charges continued to accumulate on the tractor.  Although Nelson gave Hagler contact information for his insurance company, nobody on behalf of AHT made any payments toward the charges.

3

After the parties' arguments, the trial court awarded GLS damages against AHT in the amount of $59,043.42, including actual damages, prejudgment interest, attorney fees, and costs. The trial court did not specify the grounds for its judgment.

## II. Nonconsensual Tow Under Chapter 545 of the Texas Transportation Code

As applicable to this case, Section 545.3051 of the Texas Transportation Code authorizes a law enforcement agency, including a municipality's police department, to "remove personal property from a roadway or right-of-way if the . . . law enforcement agency determines that the property blocks the roadway or endangers public safety." TEX. TRANSP. CODE ANN. § 545.3051(a)(2)(B), (b). Such removal may be done "without the consent of the owner or carrier of the property." TEX. TRANSP. CODE ANN. § 545.3051(c). Under the statute, "personal property" includes "a vehicle described by Section 545.305." TEX. TRANSP. CODE ANN. § 545.3051(a)(3)(A). Under Section 545.305, this includes a vehicle that "is disabled so that normal operation is impossible or impractical and the owner or person in charge of the vehicle does not designate a particular towing or storage company." TEX. TRANSP. CODE ANN. § 545.305(a)(7) (Supp.). Under the subtitle that includes Chapter 545, a "'[v]ehicle' means a device that can be used to transport or draw persons or property on a highway." TEX. TRANSP. CODE ANN. § 541.201(23) (Supp.). Finally, Section 545.3051 provides, "The owner and any carrier of personal property removed under this section shall reimburse the . . . law enforcement agency for any reasonable cost of removal and disposition of the property." TEX. TRANSP. CODE ANN. § 545.3051(d).

4

## III.    Analysis

For the first time on appeal, AHT asserts that Section 545.3051 does not provide a direct cause of action by a towing company against the owner or carrier of personal property. Consequently, it argues, GLS could not sue AHT directly for the recovery of its charges and fees.

> However, before a complaint may be presented for appellate review,
>
> the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint.

TEX. R. APP. P. 33.1(a)(1)(A).   The record in this case shows that AHT never asserted that Section 545.0351 does not provide GLS with a direct cause of action against it in the trial court, whether by answer, motion, or argument.   For that reason, this issue was not preserved and presents nothing for our review.   *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018) (under Rule 33.1(a), "we will not consider an error that was not properly raised in the trial court").

As noted above, GLS alleged that AHT was liable for the charges and fees related to the tow and storage of the tractor under both quantum meruit and Section 545.3051.   In its judgment, the trial court did not specify which ground was the basis of the judgment.   On appeal, AHT does not dispute that the CPD was authorized to remove the tractor and trailer under Section 545.3051 or that GLS removed them under Section 545.3051 at the direction of the CPD.   AHT also does not challenge the reasonableness of the cost of removal and disposition of the tractor and trailer

or challenge the sufficiency of the evidence supporting a finding that it was liable under the statute.[5]

"With the exception of fundamental errors,[6] a court of appeals must not reverse a trial court's judgment in the absence of properly assigned error." *Brumley v. McDuff*, 616 S.W.3d 826, 830 (Tex. 2021) (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006)). Because the record supports the trial court's judgment under Section 545.3051 and AHT has not brought any properly assigned error challenging recovery under that section, we affirm the trial court's judgment.[7] We overrule this issue.

## IV. Disposition

For the reasons stated, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    June 4, 2024
Date Decided:      June 5, 2024

---

[5]When, as here, no findings of fact and conclusions of law were requested or filed, "'we imply all findings of fact necessary to support the judgment' of the trial court." *In re Marriage of Nash*, 644 S.W.3d 683, 693 (Tex. App.—Texarkana 2022, no pet.) (quoting *Bouknight v. Bouknight*, No. 06-14-00034-CV, 2014 WL 4930818, at *2 (Tex. App.—Texarkana Oct. 2, 2014, pet. denied) (mem. op.)).

[6]The Texas Supreme Court has "repeatedly explained that the fundamental-error doctrine applies only in those two 'rare instances,' in which 'the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.'" *Menchaca*, 545 S.W.3d at 511 (quoting *In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013)).

[7]Because we affirm the judgment on this ground, we need not address AHT's remaining issue.